**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 05-1003**

————————

JOHNNY'S ENTERPRISES, INCORPORATED, d/b/a
Johnny's Truck and Auto Center,

                                    Plaintiff - Appellant,

        versus

PRUDENTIAL SECURITIES INCORPORATED,

                                    Defendant - Appellee,

        and

SM&E ADMINISTRATORS, INCORPORATED; THE
DELTAGROUP; AMERICAN PRIME ASSETS; YAMAGATA
ENTERPRISES,

                                    Defendants.

————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CA-03-2287-2-18)

————————

Argued:  December 1, 2005          Decided:  January 12, 2006

————————

Before LUTTIG and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

**ARGUED:** Jeffrey Abram Schwartz, JUSTIN O'TOOLE LUCEY, P.A., Mount Pleasant, South Carolina, for Appellant. Phyllis Walker Ewing, MOORE & VAN ALLEN, P.L.L.C., Charleston, South Carolina, for Appellee. **ON BRIEF:** Justin Lucey, JUSTIN O'TOOLE LUCEY, P.A., Mount Pleasant, South Carolina, for Appellant. Wm. Howell Morrison, MOORE & VAN ALLEN, P.L.L.C., Charleston, South Carolina, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant, Johnny's Enterprises, Inc., sued appellee, Prudential Securities, for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unfair trade practices. The district court granted summary judgment to Prudential, and Johnny's appealed. We affirm.

I.

Johnny's Enterprises is a used car dealer in Moncks Corner, South Carolina. In March 2001, Johnny's signed a contract with the Deltagroup[*] that allowed Johnny's to sell the Deltagroup's vehicle service contracts to car buyers. J.A. 46. The vehicle service contracts provided car buyers with warranty coverage for some repairs. Id. Under the contract between the Deltagroup and Johnny's, Johnny's would remit the money from the service contract sales to the Deltagroup. Id. According to a second contract known as "the Addendum," the Deltagroup would deposit the money from Johnny's service-contract sales (less some administrative fees) into a money-market account with Prudential Securities. Id. at 48. The Deltagroup would pay claims made by the car buyers under the vehicle service contracts with the money in the Prudential account.

---

[*]Several of the Deltagroup's affiliates played a part in the events at issue. The differences between them are inconsequential for this appeal. For the sake of simplicity, all of the affiliates are referred to as the Deltagroup.

Id. at 46. Each year, the Deltagroup would also distribute to Johnny's any profits generated from the Prudential account -- that is, any money not spent paying claims. Id. at 48.

On July 10, 2001, an agent of one of the Deltagroup's affiliates signed the documents to open the Prudential account intended to hold the money from service contract sales made by Johnny's. Id. at 92. In late 2002, the Deltagroup encountered financial trouble. As a result, the Deltagroup ordered Prudential to transfer the money from the Johnny's service-contract sales to a consolidated account containing money from several of the Deltagroup's clients. Id. at 117. On December 30, 2002, the Deltagroup ordered Prudential to transfer what remained of that money from the consolidated account at Prudential to a bank account at Wells Fargo. Id. at 128. By spring of 2003, the Deltagroup could no longer pay service-contract claims regularly, and the Deltagroup affiliate responsible for paying claims ultimately filed for bankruptcy in the Cayman Islands. Id. at 579.

In May 2003, Johnny's learned that the money in the Prudential account had been transferred and that the Deltagroup could no longer be relied upon to pay claims. Id. at 416. With the Deltagroup unable to pay claims, Johnny's paid for repairs to the cars of service-contract purchasers. Id. at 419. Johnny's sued the Deltagroup and its involved affiliates on a number of theories. Id. at 14-19. Johnny's also sued Prudential for its role in

transferring the money intended to pay claims under the service contracts Johnny's sold. Against Prudential, Johnny's asserted claims of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unfair trade practices. Id. at 18-19. This appeal concerns only the claims against Prudential.

II.

The district court granted summary judgment to Prudential. It held that there was "no theory under which Prudential owes a fiduciary duty to" Johnny's. Id. at 580. Specifically, it concluded that state banking law's "special account" doctrine did not give rise to a fiduciary duty because Prudential is not a bank and Johnny's was not a depositor. Id. at 580-82. It also concluded that no duty arose from a trust or bailment relationship between Prudential and Johnny's because no such relationship existed and that Prudential owed Johnny's no duty under the Investment Advisors Act. Id. at 582-85.

The district court also held that South Carolina had not adopted a cause of action for aiding and abetting breach of fiduciary duty, and accordingly the court dismissed those claims against Prudential. Id. at 586-89. Finally, the district court concluded that no liability could attach to Prudential under the South Carolina Unfair Trade Practices Act because Prudential was required by statute to transfer the money in question as a

-5-

"securities intermediary" taking direction from an "entitlement holder" -- namely, an agent from the Deltagroup listed as a fiduciary on the account. <u>Id</u>. at 591.

### III.

At the summary judgment stage, we view the facts in the light most favorable to the non-moving party, which in this case is Johnny's. We review the district court's grant of summary judgment de novo. <u>See</u> <u>Dawkins</u> v. <u>Witt</u>, 318 F.3d 606, 610 (4th Cir. 2003).

Having thoroughly reviewed the district court's opinion and the parties' briefs and submissions on appeal and having heard argument in this case, we conclude that the district court did not err in its grant of summary judgment to Prudential. There is no legal or factual basis upon which to conclude that Prudential owed a fiduciary duty to Johnny's. We therefore affirm on the reasoning of the district court.

<u>AFFIRMED</u>